IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH JAY ADAMS, #57367-177,<br>MOVANT, | §<br>§<br>§ | |
| v. | § | CIVIL CASE NO. 3:22-CV-442-D-BK |
| | § | (CRIMINAL CASE NO. 3:18-CR-06-D-10) |
| UNITED STATES OF AMERICA,<br>RESPONDENT. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Ralph Jay Adams' *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be **DENIED**.

**I. BACKGROUND**

In 2018, Adams was charged by a third superseding indictment with conspiracy to commit kidnapping and conspiracy to possess with intent to distribute methamphetamine. Crim. Doc. 69 at 8, 11.[1] In 2019, he pled guilty to a superseding information that charged a sole count of possession with intent to distribute actual methamphetamine, in exchange for the dismissal of the indictment's kidnapping and drug conspiracy counts. Crim. Doc. 1505; Crim. Doc. 1506. Adams was subsequently sentenced at the low end of a 360-to-480 months guideline sentencing

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Adams*, No. 3:18-CR-06-D-10 (N.D. Tex. Dec. 19, 2019).

range that included as relevant conduct the offenses alleged in the indictment. Crim. Doc. 1639. Adams' direct appeal was dismissed based on the appeal waiver in the Plea Agreement. *United States v. Adams*, 832 F. App'x 346 (5th Cir. Dec. 30, 2020).

On February 23, 2022, Adams filed this timely § 2255 motion. Doc. 2. He challenges his sentence and the appeal waiver under the Sixth Amendment, and prospectively contests the Government's reliance on procedural default. Doc. 2 at 15-32. The Government opposes the grant of § 2255 relief. Doc. 18. Adam sought extensions of time to file a reply and to amend his § 2255 motion to raise new claims in rebuttal. Doc. 22; Doc. 23.

Upon review, the Court concludes that (1) Adams fails to plead a Sixth Amendment violation, and his claim of such is also waived and defaulted, and (2) his motions for extension of time and to amend should be denied. His § 2255 motion should therefore be denied.

## II. ANALYSIS

### A. No Sixth Amendment Violation in Sentencing

Citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Alleyne v. United States*, 570 U.S. 99 (2013), and *United States v. Booker*, 543 U.S. 220 (2005), Adams contends the Court violated his Sixth Amendment rights by relying on facts that were not found by a jury (related to his involvement in the kidnapping offense in the dismissed count) to increase his base offense level under the advisory guidelines from 26 to 38, Doc. 2 at 15-24, resulting in his guideline imprisonment range being increased from 110-137 months to 360-480 months. Doc. 2 at 16. Adams argues that, "[a]s the judge, rather than jury, found the kidnapping facts necessary to impose th[e] 360[-]month sentence, the District Court violated [his] Sixth Amendment right to have a jury find each element essential of his punishment." Doc. 2 at 24. Adams asserts that his

360-month sentence is "over 18 years beyond the guidelines range supported by the facts admitted in his guilty plea or found by a jury." Doc. 2 at 16.

Adams also argues that the Court of Appeals for the Fifth Circuit and district courts have erred in "declin[ing] to extend the Sixth Amendment to the advisory guidelines scheme" contrary to *Booker*'s constitutional holding. Doc. 2 at 18-24. He expounds:

> Because there is no basis in principle or logic to distinguish the effect of advisory guideline facts that allow a judge to raise the maximum authorized sentence and mandatory facts that required it . . . the District Court's application of the Guidelines cannot be reconciled with the Sixth Amendment constraints delineated in *Booker's* constitutional holding.

Doc. 2 at 23-24.

Adams' arguments lack legal support, because a sentencing judge can make findings of fact by a preponderance of the evidence as to relevant conduct under the advisory guidelines. *See United States v. Leontaritis*, 977 F.3d 447, 451 (2020) (citing *United States v. Watts*, 519 U.S. 148, 156-57 (1997) (holding that a district judge may rely on conduct proven by a preponderance of the evidence even if the jury did not find the same conduct proven beyond a reasonable doubt at trial)). In *Leontaritis*, the Fifth Circuit aptly noted,

> The *Alleyne* opinion did not imply that the traditional fact-finding on relevant conduct, to the extent it increases the discretionary sentencing range for a district judge under the Guidelines, must now be made by jurors.... The Court did not suggest that the setting of Sentencing Guidelines ranges in a PSR, which structure but do not control district judge discretion, were subject to the same requirement.

977 F.3d at 451 (cleaned up and citations omitted).

Second, Adams faced a statutory imprisonment range of 5-40 years upon his conviction for possession with intent to distribute a controlled substance. *See* 21 U.S.C. § 841(b)(1)(B); Crim. Doc. 1506 at 2 (*Plea Agreement*). At sentencing, the Court rejected Adams' objections to the PSR and found by a preponderance of the evidence that the allegations in the PSR supporting

the kidnapping-related enhancements constituted relevant conduct and were based on reliable evidence. Crim. Doc. 1658 at 18. Having overruled Adams' objections, the resulting advisory guidelines imprisonment range was 360 months to life (capped at 480 months by statute). Crim. Doc. 1588-1 at 29, PSR ¶ 128; Crim. Doc. 1658 at 21. The Court imposed a 360-month sentence, which was well below the statutory maximum of 480 months. Crim. Doc. 1658 at 27-28.

Thus, based on the facts and the law, Adams' claim fails.

### B. Sixth Amendment Claim is also Waived and Procedurally Barred

Adams relatedly argues that the foregoing claim of a Sixth Amendment violation in sentencing is not barred by the appeal waiver in his Plea Agreement, contending, *inter alia*, that the claim is specifically excepted from the waiver as a sentence greater than that provided by law. Doc. 2 at 24-28. Adams is again mistaken.

The provision of the Plea Agreement's waiver of appeal and other challenges to Adams' sentence and conviction, explicitly provides that he "reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel." Crim. Doc. 1506 at 6. Adams' claim of a Sixth Amendment violation in sentencing falls outside of these exceptions, however. Specifically, for the reasons outlined in the preceding section, his sentence neither exceeded the statutory maximum punishment of 40 years' imprisonment, nor was based on a mathematical error at sentencing.

Further, since Adams did not present his Sixth Amendment sentencing claim on direct appeal, it is also procedurally barred, absent a showing of cause and prejudice or that he is

"actually innocent" of the crime for which he was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (*citing United States v. Frady*, 456 U.S. 152, 168 (1982)). First, Adams has not satisfied the cause-and-actual prejudice exception to excuse his failure to raise the claim on direct appeal. Doc. 2 at 28-32. He offers nothing to meet that heavy burden, having not even replied to the Government's response. Even so, he cannot show any prejudice as his Sixth Amendment claim lacks merit. Further, Adams' reference to "a miscarriage of justice" based on the same meritless arguments (Doc. 2 at 32) does not rise to actual innocence—that is factual innocence—of the substantive crime. *See United States v. Vargas-Soto*, 35 F.4th 979, 999 (5th Cir. 2022). And again, contrary to his assertion, his 360-month sentence was *not* in excess of the statutory maximum of 480 months, as noted. Doc. 2 at 32.

Thus, Adams' Sixth Amendment claim is waived and procedurally barred.

### C. Newly Raised Claims Do Not Relate Back

Adams moves to amend his § 2255 motion to raise new claims and extend the time to file a reply for the second time.[2] Doc. 22 at 1; Doc. 23 at 1. He seeks to "amend his motion to include any rebuttal argument to satisfy all procedural issues and any requirement that will arise

---

[2] Adams did not date either of his motions or certify when he placed them in the prison mailbox. Doc. 22 at 2; Doc. 23 at 5. The envelope used to mail his pleadings bears two postmarks, March 7 and 21, 2023, as the envelope was "returned to sender" because a zip code was missing. Doc. 22 at 3. The Court did not receive his pleadings until May 12, 2023, and the envelope was received inside a postal service envelope, which noted that the envelope was inadvertently damaged in handling by the postal service. Doc. 22 at 5. In any event, due to his *pro se* status, the Court considers his motions filed at the earliest on March 7, 2023.

Adams requests more time to reply because "he transferred from USP Florence . . . to USP Terre Haute" and "his property, including all legal papers and books[,] have not arrived" because of a backlog caused by the evacuation of a nearby BOP unit. Doc. 22 at 1-2. But he transferred to Terre Haute on January 20, 2023, as he admitted in his first motion for extension, Doc. 20, and the Court extended the time to reply to March 14, 2023, which he missed by nearly two months.

in Movant's response motion." Doc. 22 at 1. Adams also seeks to raise the following *new* claims:

> (1) "Breach of Plea" — Breach of the terms of the plea rendered his plea involuntary, produced a sentence that exceeds the statutory maximum punishment (151-188 months), and rendered a serious arithmetic error at sentencing (149-112 months longer than required)."
>
> (2) "Fraudulent Inducement" — By using the alleged facts in the original indictment to increase the penalties and alter his criminal history points, the Government breached the terms of the plea agreement.
>
> (3) "Involuntary Plea" — Movant pled guilty "with the understanding that the allegations in the original indictment would a) be dismissed and b) not used against him at sentencing."

Doc. 23 at 2-4.

However, the one-year statute of limitations elapsed in May 2022—more than nine months before Adams' motion to amend is deemed filed in March 2023.³ *See* 28 U.S.C. § 2255(f)(1). And by his motion, Adams seeks to introduce new claims, based on new legal theories and facts different from those underlying his original Sixth Amendment and appellate waiver claims. *See* FED. R. CIV. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (only claims "tied to a common core of operative facts" as the claims in the original petition will relate

---

³ Adams' conviction was affirmed on December 30, 2020, and he did not petition for a writ of certiorari. Crim. Doc. 1729. His judgment of conviction thus became final on Saturday, May 29, 2021, extended to Monday, May 31, 2021—when the time to file a certiorari petition expired 150 days later. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that a conviction becomes final when the time for filing a certiorari petition expires); Misc. Order Addressing Ext. of Filing Deadlines, 594 U.S. __ (July 19, 2021) (extending the deadline to file any petition for a writ of certiorari due on or after March 19, 2020, and before July 19, 2021, to 150 days from the date of the lower court judgment). Consequently, the one-year period expired on May 31, 2022.

The Supreme Court's Miscellaneous Orders relating to COVID-19 are available at these links: https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf and https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf (last accessed on July 18, 2023).

back); *United States v. Alaniz*, 5 F.4th 632, 637 (5th Cir. 2021) (new claims did not relate back because they did "not arise out of the same set of facts as [the] earlier [] claim").

Consequently, Adams' newly raised claims are untimely because they do not relate back to his prior claims, and so the amendment should not be permitted. *See Felix*, 545 U.S. at 650 ("a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" does not relate back and thus is time barred); *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.").

Further, as far as Adams seeks to raise in a reply new grounds in support of the § 2255 motion, the Court does not consider them. In its initial *Order and Instructions to Parties*, the Court cautioned Adams that a reply "shall not include any new allegations of fact or new grounds for relief." Doc. 8 at 2. The Court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the Government responded. *Cf. United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (finding district court was not required to consider affidavits submitted after the Government responded). For these reasons, Adams' motion for extension of time to reply is moot.

### III. CONCLUSION

For all these reasons, leave to amend should be **DENIED** as to Adams' newly raised and untimely claims, Doc. 23. Adams' § 2255 motion also should be **DENIED**, and this case

should be **DISMISSED WITH PREJUDICE**.

  **SO RECOMMENDED** on July 19, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).